967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darren Ray FULLER, Defendant-Appellant.
 No. 91-50440.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 29, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 Darren Ray Fuller (Fuller) appeals from the judgment entered upon his conviction for escaping from federal prison in violation of 18 U.S.C. § 751(a). Fuller seeks reversal on the ground that the district court improperly granted the Government's motion in limine to exclude evidence to support the defense of duress. We affirm because we conclude that Fuller failed to demonstrate that he had no reasonable opportunity to avoid the threatened harm.
 
 I.
 
 2
 On October 25, 1988, Fuller escaped from the Federal Correctional Institution at Terminal Island. He was apprehended on a breakwater near the Terminal Island facility.
 
 
 3
 On February 1, 1991, the Government filed an indictment against Fuller, charging him with escape from custody in violation of 18 U.S.C. § 751(a). On May 3, 1991, Fuller indicated that he might assert the defense of duress in his response to the Government's original motion in limine to exclude evidence of a post arrest beating.
 
 
 4
 On May 7, 1991, the Government filed a second motion in limine to exclude the presentation to the jury of evidence in support of the defense of duress. At a hearing on the same date, Fuller's attorney made an offer of proof of the following facts. In September 1987, Fuller was indicted for possession of drugs, conspiracy and continuing criminal enterprise, in connection with his role as the organizer, leader and supervisor of a multimillion dollar narcotics ring. He was sentenced to 20 years of incarceration for his involvement in the drug conspiracy.
 
 
 5
 Shortly after his arrival at Terminal Island, Fuller began to receive threats from a loan shark. Fuller had previously borrowed $50,000 from the loan shark and could no longer repay the loan. Inmates in the prison approached Fuller on behalf of the loan shark demanding that he pay the loan. Some of the prisoners threatened him with bodily harm. Fuller's family members told him that they had also received threats from individuals outside of the prison.
 
 
 6
 Initially, other prisoners helped Fuller avoid physical confrontation with the inmates who demanded payment. On October 24, 1988, however, he was threatened with death if he did not repay the loan by the next day. He was also told that he would not be safe even in segregated detention. His wife received the same death threat against him. Fuller became extremely frightened by this death threat, because the prisoners who had helped him in the past were either in administrative detention or had been transferred to other facilities.
 
 
 7
 Fuller did not seek assistance from the correctional officers or the warden at the prison, because he believed they might be involved in the threat against his life. Instead, Fuller decided to attempt an escape so that he would be transferred to another prison. After his arrest on the escape charge, Fuller was transferred to the federal prison facility at Lompoc, California, where he told prison authorities that he had intended to turn himself in after he reached a position of safety.
 
 
 8
 The district court found that Fuller had not satisfied the elements required to establish a prima facie case of duress. Fuller entered a conditional plea of guilty reserving his right to appeal the order granting the Government's motion in limine to suppress evidence in support of the defense of duress.
 
 II.
 
 9
 In order to establish the defense of duress, a person charged with in the act of escaping from confinement must demonstrate that: (1) the threat and the fear caused by the threat were immediate and involved death or serious bodily injury; (2) the fear was well-grounded; (3) he had no reasonable opportunity to avoid or escape the threatened harm; and (4) that he intended to surrender to the appropriate authorities had the escape succeeded. United States v. Williams, 791 F.2d 1383, 1388 (9th Cir.), cert. denied, 479 U.S. 869 (1986); United States v. Peltier, 693 F.2d 96, 98 (9th Cir.1982) (per curiam).
 
 
 10
 Fuller contends that his offer of proof was sufficient to raise a factual dispute as to each of these four requirements. We review de novo the question "[w]hether a defendant has made a threshold showing as to each element of the duress defense." Williams at 1388.
 
 
 11
 A prisoner threatened with bodily harm or death may not assert the defense of duress to a charge of escape from confinement, if he failed to seek assistance from prison guards, the warden, or counsel and friends outside of the prison before attempting escape. See Peltier, 693 F.2d at 98. In Peltier, the appellant argued that "a jail break was his only possible response to his fear that the United States government had arranged to have him killed while in prison." Id. at 97. We held in Peltier that the appellant failed "to show that there was not a reasonable opportunity to avoid the perceived danger." Id. at 98.
 
 
 12
 Fuller did not notify the warden, correction officers, counselors or his own attorney before attempting escape. He nevertheless contends that he should have been allowed to present the defense of duress to the jury because he had no reasonable alternative to escape since he believed the prison guards might be involved with or might ignore the threat on his life. We disagree.
 
 
 13
 Fuller offered no evidence to corroborate his subjective fear that prison officials would not protect him from harm. Fuller set forth only his subjective fear of the prison officials. Fuller did not present any facts in his offer of proof showing that any correction officer threatened him. The district court did not err in granting the Government's motion to exclude Fuller's duress defense.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), 9th Cir. Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3